CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Schutza**, <br><br> Plaintiff, <br><br> v. <br><br> **Jacob Shaw, Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | Case No. '15CV2566 H    JMA <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; |

Plaintiff Scott Schutza complains of Jacob Shaw, Inc.; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2. Defendant Jacob Shaw, Inc., was the business owner of Mission Beach Resort Wear, located at or about 704 Ventura Place, San Diego, California, in January 2015.

3. Defendant Jacob Shaw, Inc., is the business owner of Mission Beach

1

Complaint

Resort Wear currently.

4. Defendant Jacob Shaw, Inc., was the business owner of Mission Beach Surf & Skate, located at or about 704 Ventura Place, San Diego, California, in January 2015.

5. Defendant Jacob Shaw, Inc., is the business owner of Mission Beach Surf & Skate currently.

6. Defendant Jacob Shaw, Inc., was the business owner of Miss Mission Beach, located at or about 722 Ventura Place, San Diego, California, in January 2015.

7. Defendant Jacob Shaw, Inc., is the business owner of Miss Mission Beach currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

Complaint

the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Mission Beach Resort Wear is a facility open to the public, a place of public accommodation, and a business establishment.

13. Transaction counters are one of the facilities, privileges and advantages offered by Defendant to patrons of Mission Beach Resort Wear.

14. Unfortunately, the transaction counter at Mission Beach Resort Wear is not accessible to persons with disabilities.

15. In January 2015, the transaction counter at Mission Beach Resort Wear was more than 36 inches in height.

16. In January 2015, there was no lowered, 36 inch portion of the transaction counter for use by persons in wheelchairs at Mission Beach Resort Wear.

17. Currently, the transaction counter at Mission Beach Resort Wear is more than 36 inches in height.

18. Currently, there is no lowered, 36 inch portion of the transaction counter for use by persons in wheelchairs at Mission Beach Resort Wear.

19. Additionally, in January 2015, the paths of travel in and throughout the merchandise aisles at Mission Beach Resort Wear were not accessible to wheelchair users.

20. In January 2015, the paths of travel in and throughout the merchandise aisles at Mission Beach Resort Wear measured less than 36 inches in width.

21. Currently, the paths of travel in and throughout the merchandise aisles

Complaint

at Mission Beach Resort Wear are not accessible to wheelchair users.

22. Currently, the paths of travel in and throughout the merchandise aisles at Miss Beach Resort Wear measure less than 36 inches in width.

23. Plaintiff visited Mission Beach Resort Wear in January 2015.

24. The plaintiff personally encountered these violations and they denied him full and equal access and caused him great difficulty and frustration.

25. Plaintiff would like to return and patronize Mission Beach Resort Wear but will be deterred from visiting until the defendant cures the violations.

26. Mission Beach Surf & Skate is a facility open to the public, a place of public accommodation, and a business establishment.

27. Transaction counters are one of the facilities, privileges and advantages offered by Defendant to patrons of Mission Beach Surf & Skate.

28. Unfortunately, the transaction counter at Mission Beach Surf & Skate is not accessible to persons with disabilities.

29. In January 2015, the transaction counter at Mission Beach Surf & Skate was more than 36 inches in height.

30. In January 2015, there was no lowered, 36 inch portion of the transaction counter counter for use by persons in wheelchairs at Mission Beach Surf & Skate.

31. Currently, the transaction counter at Mission Beach Surf & Skate is more than 36 inches in height.

32. Currently, there is no lowered, 36 inch portion of the transaction counter for use by persons in wheelchairs at Mission Beach Surf & Skate.

33. Additionally, in January 2015, the paths of travel in and throughout the merchandise aisles at Mission Beach Surf & Skate were not accessible to wheelchair users.

34. In January 2015, the paths of travel in and throughout the merchandise aisles at Mission Beach Surf & Skate measured less than 36 inches in width.

4

Complaint

35. Currently, the paths of travel in and throughout the merchandise aisles at Mission Beach Surf & Skate are not accessible to wheelchair users.

36. Currently, the paths of travel in and throughout the merchandise aisles at Mission Beach Surf & Skate measure less than 36 inches in width.

37. Plaintiff visited Mission Beach Surf & Skate in January 2015.

38. The plaintiff personally encountered these violations and they denied him full and equal access and caused him great difficulty and frustration.

39. Plaintiff would like to return and patronize Mission Beach Surf & Skate but will be deterred from visiting until the defendant cures the violations.

40. Miss Mission Beach is a facility open to the public, a place of public accommodation, and a business establishment.

41. Transaction counters are one of the facilities, privileges and advantages offered by Defendant to patrons of Miss Mission Beach.

42. Unfortunately, the transaction counter at Miss Mission Beach is not accessible to persons with disabilities.

43. In January 2015, the transaction counter at Miss Mission Beach was more than 36 inches in height.

44. In January 2015, there was no lowered, 36 inch portion of the transaction counter for use by persons in wheelchairs at Miss Mission Beach.

45. Currently, the transaction counter at Miss Mission Beach is more than 36 inches in height.

46. Currently, there is no lowered, 36 inch portion of the transaction counter for use by persons in wheelchairs at Miss Mission Beach.

47. Additionally, in January 2015, the paths of travel in and throughout the merchandise aisles at Miss Mission Beach were not accessible to wheelchair users.

48. In January 2015, merchandise and merchandise displays were placed in the paths of travel in and throughout the merchandise aisles at Miss Mission

Complaint

Beach, restricting passage to less than 36 inches in width.

49. Currently, the paths of travel in and throughout the merchandise aisles at Miss Mission Beach are not accessible to wheelchair users.

50. Currently, merchandise and merchandise displays are placed on the paths of travel in and throughout the merchandise aisles at Miss Mission Beach, restricting passage to less than 36 inches in width.

51. In January 2015, there was an unramped, 3 inch step inside of Miss Mission Beach.

52. In January 2015, there was no ramp or lift inside Miss Mission Beach to assist persons in wheelchairs in accessing all parts of the store.

53. Currently, there is an unramped, 3 inch step inside of Miss Mission Beach.

54. Currently, there is no ramp or lift inside Miss Mission Beach to assist persons in wheelchairs in accessing all parts of the store.

55. Defendants have no policy in place to maintain the merchandise aisles at Miss Mission Beach such that the aisles are clear and free of obstructions.

56. Defendants have no policy or procedure in place to maintain the merchandise aisles at Miss Mission Beach so that they remain compliant and useable by persons with disabilities.

57. Plaintiff visited Miss Mission Beach in January 2015.

58. The plaintiff personally encountered these violations and they denied him full and equal access and caused him great difficulty and frustration.

59. Plaintiff would like to return and patronize Miss Mission Beach but will be deterred from visiting until the defendants cure the violations.

60. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendant exercised control and dominion over the conditions at this location and, therefore, the lack of

Complaint

accessible facilities was not an "accident" because, had the defendant intended any other configuration, it had the means and ability to make the change.

61. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers at the businesses that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

62. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

63. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

64. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

65. Here, no such accessible transaction counter has been provided in violation of the ADA.

66. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

Complaint

67. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles at the businesses is a violation of the law.

68. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id.* 2010 Standards § 303.4. An unramped step is a violation of the ADA.

69. At Miss Mission Beach, the failure to provide a ramp or lift is a violation of the law.

70. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

71. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

72. Given their location and options, Mission Beach Resort Wear, Mission Beach Surf & Skate, and Miss Mission Beach are locations that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. § 51-53.)

73. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

74. Because the defendant violated the plaintiff's rights under the ADA, it also violated the Unruh Civil Rights Act and is liable for damages. (Civ. Code

Complaint

§ 51(f), 52(a).)

75. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendant is also responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 12, 2015          CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

10

Complaint